IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WILLIAM C. STONE, *et al.* | * | |
| | * | |
| v. | * | Case No. JFM-10-CV-08816 |
| | * | |
| RANBAXY PHARMACEUTICALS, | * | |
| INC., *et al.* | * | |

******

## MEMORANDUM

Plaintiffs William C. Stone, Kathleen Bremner, and Cynthia E. Dietz have filed suit against Defendants Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy Pharm") and Ranbaxy Laboratories, Ltd. ("Ranbaxy Lab") for claims arising from the death of Westchester County, New York resident Paula Palladino.[1] Now pending are motions to dismiss filed by both Ranbaxy Pharm and Ranbaxy Lab. The issues have been fully briefed and no hearing is necessary. For the reasons stated below, I deny Ranbaxy Lab's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and deny Ranbaxy Pharm's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5). I further order Plaintiffs to properly serve process on Ranbaxy Lab within 60 days of the date of this opinion and the attached order.

**I. Facts**

On or about October 6, 2008, Westchester County resident Paula Palladino was prescribed the generic drug ciprofloxacin; she received another prescription for ciprofloxacin on October 29, 2008 for treatment of a urinary tract infection. On or about October 30, 2008, Ms. Palladino sought treatment from the Orange Regional Medical Center for a developing fever and rash. On

---

[1] Plaintiffs have brought the following claims against both Ranbaxy Pharm and Ranbaxy Lab: (1) two products liability claims for defective design of the drug ciprofloxacin and failure to warn regarding the dangers of the drug; (2) one claim that the drug was defectively manufactured; (3) four negligence claims; (4) five fraud and misrepresentation claims; (5) one wrongful death claim; and (6) one unjust enrichment claim.

1

November 18, doctors diagnosed her with Stevens Johnson Syndrome, a rare skin condition that can be life-threatening. Eight days later, Ms. Palladino died. Plaintiffs, who are Ms. Palladino's heirs, allege that her death resulted from her exposure to ciprofloxacin manufactured by the defendants.

Defendant Ranbaxy Lab is an Indian corporation headquartered in New Delhi. The company develops, manufactures, markets, and sells generic pharmaceuticals, including the generic drug ciprofloxacin. Ranbaxy Lab is not registered to do business in New York State and maintains neither an office nor an agent in New York.

Defendant Ranbaxy Pharm is a wholly-owned subsidiary of Ranbaxy Lab. The company appears to be a Florida corporation that maintains a principal place of business in Princeton, New Jersey. Plaintiffs allege that Ranbaxy Pharm is the exclusive marketer, distributor, and seller of Ranbaxy Lab pharmaceuticals in the United States.

## II. Defendant Ranbaxy Lab's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2)

### A. Standard of Review

A court is "obligated to dismiss an action against a defendant over which it has no personal jurisdiction" upon motion by that defendant. *In re Ski Train Fire*, 230 F.Supp.2d 403, 406 (S.D.N.Y. 2002); *see also* Fed. R. Civ. P. 12(b)(2). Prior to discovery, a plaintiff challenged by a 12(b)(2) motion to dismiss may defeat the motion by making a prima facie showing of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998). "At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). In establishing their prima facie showings of jurisdiction, plaintiffs "may rely entirely on allegations of fact, and they will prevail even if the moving party makes contrary allegations which controvert their

prima facie case." *In re Ski Train Fire*, 230 F.Supp.2d at 406 (internal citations omitted).  As with the review of other motions to dismiss, a court reviewing a motion to dismiss for lack of personal jurisdiction must view all of the pleadings in the light most favorable to the plaintiffs. *Id.* (citing *Hoffritz for Cutlery, Inc. v. Amajac*, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)).

**B.  General Jurisdiction Over Defendant Ranbaxy Lab**

Whether a federal court may exercise personal jurisdiction over a foreign corporation in relation to a diversity action is determined by the law of the state in which the court sits. *Jazini*, 148 F.3d at 183-184. Accordingly, I look to New York law to determine whether this Court has jurisdiction over Ranbaxy Lab.

> Under New York law there are two ways in which a court may exercise personal jurisdiction over a non-domiciliary corporation: (1) If the corporation 'does business' in New York, jurisdiction may be exercised pursuant to N.Y. CPLR § 301. (2) Even if the corporation does not 'do business' in New York, jurisdiction may be exercised if the corporation falls under New York's long-arm statute (N.Y. CPLR § 302).

*Aerotel, Ltd. V. Sprint Corp.*, 100 F.Supp.2d 189, 191 (S.D.N.Y. 2000) (quoting *King v. Best Western Country Inn,* 138 F.R.D. 39, 41 (S.D.N.Y. 1991)).  Under the "doing business" test, a foreign corporation is subject to general jurisdiction in the state of New York if the corporation is engaged in such a continuous and systematic course of "doing business" in New York as to warrant a finding of its "presence" in the jurisdiction. *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536 (1967) (internal citations omitted).  Where the claim is that a foreign corporation is present in New York because of the activities of a subsidiary within the state, the subsidiary must be either an "agent" or a "mere department" of the foreign parent. *Jazini*, 148 F.3d at 184 (citing *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).  To establish that a subsidiary is an agent of the parent, a plaintiff must demonstrate that the subsidiary "does all the business which [the parent corporation] could do were it here by its own

3

officials." 148 F.3d at 184 (citing *Frummer*, 19 N.Y.2d 533, 536 (1967)). To determine whether a subsidiary is a "mere department" of a parent, New York courts must consider four factors: (1) common ownership of parent and subsidiary; (2) financial dependence of the subsidiary on the parent corporation; (3) the degree to which the parent interferes with the selection and assignment of the subsidiary's executives and fails to observe corporate formalities; and (4) the extent of control that the parent exercises over the marketing and operations policies of the subsidiary. *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120-121 (2d Cir. 1984).

The parties agree that Ranbaxy Pharm is the wholly-owned subsidiary of Ranbaxy Lab. Plaintiffs allege that Ranbaxy Pharm is the exclusive marketer, seller, and distributor of Ranbaxy Lab products in the United States. Plaintiffs further allege that Ranbaxy Pharm's U.S. sales constitute a significant portion of global sales for Ranbaxy Lab, and that Ranbaxy Lab lists Ranbaxy Pharm employees as contacts for North American operations questions. Finally, Plaintiffs allege that Ranbaxy Lab purchased a liquid manufacturing plant in Gloversville, New York in 2002 and that this purchase demonstrates the propriety of personal jurisdiction over Ranbaxy Lab.

Plaintiffs argue that the purchase of the Gloversville, New York liquid manufacturing plant demonstrates that Ranbaxy Lab "does business" in the state and that general jurisdiction is therefore appropriate. Pls. Resp. to Defs.' Mot. to Dismiss at 10. However, the press release on which Plaintiffs' assertion is based indicates that Ranbaxy Pharm was the entity that actually purchased the Gloversville plant. *See* Ranbaxy USA, *Ranbaxy Acquires Liquid Manufacturing Facility from Signature Pharmaceuticals Inc*, Ranbaxy USA Newsroom (July 23, 2002), http://www.ranbaxyusa.com/newsdisp07232002.aspx.

Plaintiffs' allegation that Ranbaxy Pharm is a wholly-owned subsidiary of Ranbaxy Lab does satisfy the first, essential factor of the *Beech Aircraft* test.  However, Plaintiffs' other allegations neither satisfy the other *Beech Aircraft* factors nor otherwise demonstrate that Ranbaxy Pharm is an agent or mere department of Ranbaxy Lab.  Plaintiffs make no allegations regarding the extent to which Ranbaxy Pharm is financially dependent on Ranbaxy Lab or the extent to which Ranbaxy Lab controls Ranbaxy Pharm's marketing or operations policies.  While Plaintiffs have alleged that two Ranbaxy Pharm employees are listed as contacts on the Ranbaxy Lab website, Plaintiffs have failed to allege that Ranbaxy Lab played a role in selecting or assigning these employees.

Similarly, Plaintiffs' allegation that "Ranbaxy Pharm *exclusively* markets, sells, and distributes all of Ranbaxy Labs generic pharmaceuticals in this country, and those are the *only* products Ranbaxy Pharm markets, sells, and distributes," Pls.' Resp. to Defs.' Mot. to Dismiss 7 (emphasis in original), does not amount to a factual allegation that Ranbaxy Pharm transacts all the business that Ranbaxy Lab's own officials would transact were they in New York.

Because Plaintiffs have failed to properly allege that Ranbaxy Pharm is the agent or mere department of Ranbaxy Lab, this Court cannot exercise personal jurisdiction over Ranbaxy Lab based on New York's general jurisdiction statute.

### C.  Specific Jurisdiction Over Defendant Ranbaxy Lab

A foreign corporation not subject to general jurisdiction in New York may nevertheless be subject to specific jurisdiction under the state's long-arm statute.  Under that statute,

> A court may exercise personal jurisdiction over any non-domiciliary . . . who . . .
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

>   (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>   (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y. Civil Law § 302(a)(3)(i)-(ii) (McKinney 2010).

Plaintiffs' allegations, if true, would be sufficient to demonstrate that Ranbaxy Lab committed tortious acts outside the state that caused injury to a New York resident in New York. As noted above, however, Plaintiffs have failed to allege that Ranbaxy Lab regularly does business or engages in a persistent course of conduct in New York. Likewise, Plaintiffs have failed to allege that Ranbaxy Lab derives substantial revenue from goods used or consumed or services rendered in New York. The parties agree that Ranbaxy Lab derives substantial revenue from interstate or international commerce. *See* Reply Br. in Supp. of Ranbaxy Lab's Mot. to Dismiss 7. The remaining question, then, is whether Ranbaxy Lab should have reasonably expected that its tortious act(s) would have consequences in New York.

To support its assertion that New York has jurisdiction over Ranbaxy Lab under its long-arm statute, Plaintiffs rely on *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236 (2d Cir. 1999) and *LaMarca v. Pak-Mor Mfg.* Co., 95 N.Y.2d 210 (2000). The *Kernan* case is particularly instructive. In *Kernan*, the Second Circuit affirmed the lower court's finding that a Japanese manufacturer was subject to personal jurisdiction in New York. 175 F.3d at 242. Though the Japanese manufacturer had not itself transacted business in New York, the manufacturer had granted an American company the exclusive right to sell and promote the manufacturer's products in the United States. *Id.* at 242. The existence of this exclusive sales agreement was supported by affidavits signed by an executive with the American company and by the CEO of the Japanese manufacturer. *Id.* at 239. The exclusive sales agreement demonstrated that the

6

Japanese manufacturer should have reasonably expected that some defectively-manufactured products might find their way to New York and cause injury there. *Kernan*, 175 F.3d at 241-242.

In this case, Plaintiffs assert that "Ranbaxy Pharm *exclusively* markets, sells, and distributes all of Ranbaxy Labs [sic] generic pharmaceuticals in this country, and those are the *only* products Ranbaxy Pharm markets, sells, and distributes." Pls.' Response to Defs.' Mot. To Dismiss 7. An affidavit submitted by Ranbaxy Lab appears to confirm the veracity of Plaintiffs' allegation. Aff. of Ranjit Kohli ¶ 18 ("[Ranbaxy Lab], which manufactures and sells generic prescription drugs, including ciprofloxacin, at wholesale exclusively to [Ranbaxy Pharm], does not directly sell or distribute ciprofloxacin or any other products to distributors, wholesalers, pharmacies, physicians, consumers or any other person or entity . . . .")

The exclusive relationship between Ranbaxy Lab and Ranbaxy Pharm echoes the relationship between the Japanese manufacturer and American distributor in *Kernan*. The facts at hand lead me to the same conclusion reached by the *Kernan* court: Ranbaxy Lab, by virtue of its exclusive relationship with Ranbaxy Pharm, did indeed attempt to serve the New York market, albeit indirectly. *See* 175 F.3d at 242. In keeping with *Kernan*, I find that jurisdiction under the New York long-arm statute is appropriate because Plaintiffs have demonstrated that Ranbaxy Lab meets the "reasonable expectation" requirement of New York's long-arm statute.[2]

---

[2] Defendants suggest that I defer ruling on the instant motions until the Supreme Court has issued its opinion in *Nicastro v. McIntyre Machinery Amer., Ltd.*, 987 A.2d 575 (N.J. 2010), *cert. granted sub nom. J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 62 (Sept. 28, 2010) (No. 09-1343). The *Nicastro* case addresses whether a state court's exercise of specific jurisdiction over a foreign manufacturer may be predicated on a "stream-of-commerce" jurisdictional theory. I decline to delay my decision in this matter because the case at hand appears to be controlled by *Kernan*. In *Kernan*, the Second Circuit found that a foreign company was subject to personal jurisdiction due to the existence of an exclusive sales agreement with a U.S. distributor; the *Kernan* court made this determination without exploring the validity of a stream-of-commerce jurisdictional theory. If, however, the Supreme Court's forthcoming *Nicastro* decision provides further guidance, I will grant the Defendants leave to re-brief the issue as appropriate.

7

At this pre-discovery stage of the instant litigation, Plaintiffs have sufficiently alleged that Ranbaxy Lab meets the requirements for the exercise of personal jurisdiction under New York's long-arm statute. Next, I must determine whether such exercise of personal jurisdiction comports with federal due process.

**D.  Federal Due Process**

To determine whether an exercise of personal jurisdiction comports with federal due process, courts must "undertake an analysis consisting of two components: the "minimum contacts" test and the "reasonableness" inquiry." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002).

Under the minimum contacts test, a court may exercise specific jurisdiction over a defendant when minimum contacts exist such that the defendant has "purposefully availed itself of the privilege of doing business with the forum and could foresee being haled into court there." *Bank Brussels*, 305 F.3d at 127. As in *Kernan*, Plaintiffs' allegation that Ranbaxy Pharm is the exclusive marketer, distributor, and seller of Ranbaxy Lab products is sufficient to support a finding of minimum contacts with the forum. *See* 175 F.3d at 244.

To determine whether the exercise of jurisdiction over a defendant is reasonable, a court must then determine "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'-that is, whether it is reasonable under the circumstances of the particular case." *Bank Brussels*, 305 F.3d at 129 (internal citations omitted). "Courts are to consider five factors in evaluating reasonableness: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the

controversy; and (5) the shared interest of the states in furthering substantive social policies." *Id*. When a plaintiff has demonstrated that the forum has the requisite "minimum contacts," a defendant must present a "compelling case that the presences of some other considerations would render jurisdiction unreasonable." *Metro. Life Ins. Co. v. Robertson Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Ranbaxy Lab has not presented such a case. Even if forcing Ranbaxy Lab to litigate in a forum so distant from its Indian home base were found to be somewhat burdensome, such a burden would not be unreasonable. As the Second Circuit has noted, "the conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago." *Bank Brussels*, 305 F.3d at 129-30. New York certainly has an interest in adjudicating this case, as decedent Paula Palladino was a New York resident and died in New York, allegedly as a result of taking medication manufactured by Ranbaxy Lab. Two of the three plaintiffs in this matter are also New York residents. Ranbaxy Lab has not made arguments regarding the remaining three factors. For these reasons, I find that the court's exercise of personal jurisdiction over Ranbaxy Lab comports with traditional notions of fair play and substantial justice.

This court may properly exercise personal jurisdiction over Defendant Ranbaxy Lab because Ranbaxy Lab meets the requirements for the exercise of personal jurisdiction under New York's long-arm statute and because the exercise of personal jurisdiction over Ranbaxy Lab comports with federal due process. As a result, I will deny Ranbaxy Lab's motion to dismiss under Rule 12(b)(2).

I next turn to both Defendants' motions to dismiss this case under Fed. R. Civ. P. 12(b)(5).

**III. Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(5)**

    A.  Standard of Review

Under Rule 12(b)(5), a defendant may assert insufficiency of process prior to filing a responsive pleading. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of a service of summons must be satisfied." *Dynegy Midstream Serv., LP v. Trammochem,* 451 F.3d 89, 94 (2d Cir.2005) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987)). Service upon a corporation may be made in accordance with the law of the State in which the district court is located. Under New York law, a foreign corporation may be served by the following methods: (1) personally serving the secretary of state of New York and either mailing or personally delivering a notice and copy of the same to the foreign corporation, N.Y. Corp. Law § 307(b) (McKinney 2010); or (2) by delivering the foreign corporation's summons "to any officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. Civil Law § 311 (McKinney 2010). When personally serving a foreign corporation, "[r]eliance may be based on the corporate employees to identify the proper person to accept service. In such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained." *N.Y. Dist. Council of Carpenters Pension Fund v. G&M Drywall Sys. Inc.*, 2010 U.S. Dist. LEXIS 54444, at *32 (S.D.N.Y. June 1, 2010) (citing *Fashion Page, Ltd. V. Zurich Ins. Co.*, 50 N.Y.2d 265, 273 (1980)).

Service of process on a foreign entity pursuant to N.Y. Corp. Law § 307(b) requires transmission of a judicial document abroad; therefore, the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents ("Hague Convention") applies. *Darden v.*

10

*DaimlerChrysler N. Amer. Holding Corp.*, 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002).  When an in-state subsidiary is the agent or "mere department" of a foreign parent corporation, then service upon the subsidiary constitutes proper service upon the parent corporation.  *Id*. at 387-88.

When determining whether service of process has been sufficient, a court looks to materials outside of the pleadings.  *Id*. at 387.  "If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory."  *Id*.  For example, courts may grant a defendant's motion to dismiss pursuant to Rule 12(b)(5) and may simultaneously grant a plaintiff leave to properly serve that defendant.  *Id*. at 399-400.

**B.  Service of Process on Defendants Ranbaxy Lab & Ranbaxy Pharm**

Plaintiffs attempted to serve both defendants by having copies of the relevant summons and complaint delivered to 600 College Road East, Princeton, New Jersey 08540.  According to affidavits of service filed with the court, a deputy sheriff delivered process for both Ranbaxy Lab and Ranbaxy Pharm on Mr. Ahmad Aboelezz at Ranbaxy Pharm's office in Princeton on January 7, 2011.  Aff. of Service, ECF No. 3; Acknowledgment of Service, ECF No. 4.  The affidavits list Mr. Aboelezz as an agent authorized to accept service on behalf of each company being served.  *Id*.  Mr. Aboelezz signed the affidavit of service for service of process on Ranbaxy Pharm, but did not sign the affidavit of service for service of process on Ranbaxy Lab.  *Id*.

As previously noted, Ranbaxy Lab is a foreign corporation that is not registered to do business in New York.  As discussed at length *supra*, Ranbaxy Pharm is not an "agent" or "mere department" of Ranbaxy Lab such that service on Ranbaxy Pharm would be a sufficient means of serving process on Ranbaxy Lab.  Furthermore, though Plaintiffs assert that Ranbaxy Lab was properly served through delivery of the summons and complaint to Mr. Ahmad Aboelezz, Mr. Aboelezz did not sign the affidavit relating to service of process on Ranbaxy Lab.  For these

11

reasons, Plaintiffs' attempted service on Ranbaxy Lab does not meet New York's requirements for proper service of process.

Plaintiffs' attempted service of process on Ranbaxy Pharm, however, does appear to have comported with New York law.  The process server visited Ranbaxy Pharm's corporate office in Princeton, New Jersey, where Mr. Aboelezz signed the affidavit of service that indicated that Mr. Aboelezz was an agent authorized to accept service on behalf of Ranbaxy Pharm.   Plaintiffs had every reason to believe that their service on Ranbaxy Pharm was proper, particularly given the fact that a Ranbaxy Pharm employee signed the affidavit which designated him as an agent authorized to accept service on behalf of Ranbaxy Pharm.

While Plaintiffs have properly asserted that this Court has personal jurisdiction over Defendant Ranbaxy Lab, they have failed to properly serve process on Ranbaxy Lab.  At this time and in the interest of judicial efficiency, however, I choose not to rule on Ranbaxy Lab's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(5).  Instead, I order Plaintiffs to properly serve Ranbaxy Lab within the next 60 days.  If Plaintiffs fail to properly serve Ranbaxy Lab within 60 days from the date of this opinion and attached order, I will grant Ranbaxy Lab's motion to dismiss pursuant to Rule 12(b)(5).

Plaintiffs do appear to have properly served Defendant Ranbaxy Pharm.  As a result, I will deny Defendant Ranbaxy Pharm's motion to dismiss for improper service under Fed. R. Civ. P 12(b)(5).

**IV.    Conclusion**

For the foregoing reasons, Defendant Ranbaxy Lab's Motion to Dismiss Under Rule 12(b)(2) is denied.  Defendant Ranbaxy Lab's Motion to Dismiss Under Rule 12(b)(5) is also denied.  I hereby order that Plaintiffs properly serve Ranbaxy Lab, in keeping with both New

York law and the Hague Convention, within 60 days of the date of this order.  If Plaintiffs fail to properly serve Ranbaxy Lab within 60 days from the date of this opinion and attached order, I will grant Ranbaxy Lab's motion to dismiss pursuant to Rule 12(b)(5).


Dated:  June 16, 2011                                         /s/                
                                                                        J. Frederick Motz
                                                                         United States District Judge